**NOT FOR PUBLICATION**

DEC 28 2009

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOSE ORLANDO MELENDEZ-CELIS, AKA Agustin Venegas-Ramos; et al., | No. 08-74626 |
| Petitioners, | Agency Nos. A098-924-737 |
| | A098-924-736 |
| v. | A098-924-739 |
| | A098-924-738 |
| ERIC H. HOLDER Jr., Attorney General, | A098-924-740 |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009**

Before:    GOODWIN, WALLACE and FISHER, Circuit Judges.

Petitioners Jose Orlando Melendez-Celis, Yessenia Beatriz Guardado-de

Melendez, husband and wife, and their children Axell Josue Melendez-Guardado,

Marvin Orlando Melendez-Guardado and Gabriela Beatriz Melendez-Guardado,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

MVD/Inventory

natives and citizens of El Salvador, petition for review of a Board of Immigration Appeals order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), and deny the petition for review.

Substantial evidence supports the Board's denial of asylum and withholding of removal because petitioners failed to show their alleged persecutors threatened them on account of a protected ground. Their fear of future persecution based on an actual or imputed anti-gang or anti-crime opinion is not on account of the protected ground of either membership in a particular social group or political opinion. *See Ramos Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009); *Santos-Lemus* at 745-46; *see Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground."). Petitioners have failed to exhaust their claim that the lead petitioner's status of being an El Salvadoran business owner who refuses to pay extortion money makes him a member of a protected social group or qualifies as a political opinion. *See Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000) (declining to consider a claim that Board did not have

first opportunity to consider). Petitioners have waived any claim of membership in a protected social group comprised of having an extended family in El Salvador. *See Maharaj v. Gonzales*, 450 F.3d 961, 967 (9th Cir. 2006).

Substantial evidence also supports the Board's denial of CAT relief based on the Board's finding that petitioners did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the El Salvadoran government. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**